UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CRYSTAL RAMSEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHATTANOOGA HOUSING AUTHORITY, )<br>ROBERT ZENDEJAS, JAMES AVERY, AND )<br>CITY POLICE OFFICER D. RAWSON AND )<br>CITY OF CHATTANOOGA )<br>)<br>Defendants. ) | Case No. 1:09-CV-233<br><br>Chief Judge Curtis L. Collier |

## **MEMORANDUM**

Before the Court is a motion for summary judgment filed by Defendant Chattanooga Housing Authority (hereinafter, "Chattanooga Housing Authority" or "CHA" ) (Court File No. 19) and its accompanying memorandum (Court File No. 20). The Chattanooga Housing Authority argues "there are no genuine issues of material fact and that it is entitled to judgment as a matter of law" (*id*. at 1). Plaintiff Crystal Ramsey ("Plaintiff") failed to file a timely response to Defendant's motion. Pursuant to E.D.TN. L.R. 7.2, "failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." For the reasons stated below, the Court will **GRANT** CHA's motion for summary judgment (Court File No. 19).

**I.      RELEVANT FACTS**

On August 2, 2008, Plaintiff was arrested by two CHA officers, Officers James Avery and Robert Zendejas for disorderly conduct (Court File Nos. 1-1, 20). Prior to Plaintiff's arrest, Officer Avery arrived outside of Plaintiff's residence at the Emma Wheeler Homes to respond to a call

regarding a large crowd of juveniles (Court File No. 20). There, he began conducting a search and seizure of a minor suspect (*id.*). Plaintiff alleges she was frightened as she observed the search and seizure take place (Court File No. 1-1). As a result, she attempted to contact a 911 operator because she felt "the situation had gotten out of hand." (*id.*).

Plaintiff then alleges when Officer Avery heard her talking to the 911 operator, he ran up on to Plaintiff's porch and slapped Plaintiff on the side of her face (*id.*). In fact, Plaintiff asserts this happened twice. In addition, Plaintiff contends Officer Avery forced her and the minor suspect to sit on the front porch with their backs against Plaintiff's home. When Plaintiff attempted to go back inside her home, she states Officer Avery opened her door and grabbed her from behind, forcing her out of her home. Plaintiff argues she was forced onto the concrete porch where Officer Avery put his knee on her lower back while handcuffing her (*id.*). Plaintiff then alleges both Officers Avery and Zendejas, who had just arrived as Plaintiff was returning inside her home, began hitting Plaintiff and telling her to stop resisting the officers (*id.*). Plaintiff was then placed under arrest. She states once she was in Officer Avery's car, he crashed into her legally parked vehicle.

The officers, however, contend Plaintiff was arrested for disorderly conduct because she interfered with the search and seizure of a minor suspect who had been out past curfew (Court File No. 21-2). According to Officer Avery, as he searched the minor individual, Plaintiff came out of her home and began yelling at the officer and verbally interfered with the officer's search (Court File Nos. 20, 21-2). Officer Avery does not deny Plaintiff called 911. He does, however, deny slapping Plaintiff (Court File No. 5). He also claims Plaintiff was advised she was going to be arrested prior to her attempt to go back inside her home (Court File Nos. 20, 21-2). There, she was followed by Officers Avery and Zendejas. According to them, Plaintiff pushed and kicked the officers, and she

2

physically resisted being arrest (*id.*). In response, the officers allege they used a "minimum amount of force necessary in effecting [Plaintiff's] arrest, taking into account the amount of resistance she was giving to being arrested" (Court File No. 21-2 at 3).

As a result of her arrest, Plaintiff brought suit against the Chattanooga Housing Authority, Officer James Avery, Officer Robert Zendejas, City Police Officer D. Rawson, and the City of Chattanooga (Court File No. 1-1). Plaintiff alleges Defendants deprived her of her rights to due process of law and to be free from the use of excessive force, in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments (*id.*). Plaintiff also alleges Defendants are guilty of intentional infliction of emotional harm and negligent infliction of emotional harm pursuant to the Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101 *et seq*. Finally, Plaintiff sues Officer James Avery and the Chattanooga Housing Authority for property damage in the amount of one thousand five hundred dollars ($1,500.00) for damage to her vehicle. Defendant Chattanooga Housing Authority now moves this Court for summary judgment (Court File No. 19).

**II.    STANDARD OF REVIEW**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court should view the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Nat'l Satellite Sports,*

*Inc. v. Eliadis Inc.,* 253 F.3d 900, 907 (6th Cir. 2001).

To survive a motion for summary judgment, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Indeed, a "[plaintiff] is not entitled to a trial on the basis of mere allegations." *Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *2, 3 (E.D. Tenn. November 4, 2009) (explaining the Court must determine whether "the record contains sufficient facts and admissible evidence from which a rational jury could reasonably find in favor of [the] plaintiff"). In addition, should the non-moving party fail to provide evidence to support an essential element of the case, the movant can meet its burden by point out such failure to the Court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonable find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). If the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court should enter summary judgment. *Id.* at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

### III. DISCUSSION

#### A. Section 1983

CHA moves this Court for summary judgment in its favor on the grounds Plaintiff has failed to allege that CHA has a custom or policy which caused a violation of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983. Although Plaintiff does not explicitly bring her Fourth, Fifth, Eighth,

4

and Fourteenth Amendment claims pursuant to § 1983, the Court will construe them as such. "Section 1983 creates a federal cause of action against state or local officials who deprive a person of a federal right while acting under the color of state law." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005); *see also Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 611 (2008). "Municipalities [or municipal entities] are liable for harms resulting from a constitutional violation only when the injury resulted from an 'implementation of [the entity's] official policies or established customs.'" *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J. concurring)). In other words, to survive a summary judgment motion, Plaintiff must show "that the alleged federal right violation[s] occurred because of a policy or custom" adhered to by CHA officers. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

There are several indicators that a governmental entity has a discriminatory policy or custom. For example, Plaintiff could point to "(1) [CHA's] . . . official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Id*. Here, according to CHA, it employs a "Use of Force Continuum" policy, which "tracks federal and state law," to teach officers how to conduct an arrest (Court File No. 20 at 3). Under the terms of the policy, "only the minimal amount of force necessary should be used to effect an arrest" (*id*.). CHA also provides forty (40) hours of Peace Office Training to its officers in order to "protect citizen rights" (*id*. at 5).

In this case, in order to survive summary judgement, Plaintiff must "offer[] proof of policymaking officials' knowledge and acquiescence to [an] established practice" leading to a

5

constitutional violation. *Spears*, 589 F.3d at 256. Plaintiff must also establish a "'direct causal link' between the policy and the alleged constitutional violation in order to show that [CHA's] 'deliberate conduct' can be deemed the 'moving force' behind the violation." *Graham ex. rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004) (citing *Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir. 2001)).

Here, CHA maintains that "no official with the Chattanooga Housing Authority was aware of or deliberately indifferent, prior to August 2, 2008, that any of its officers would effect an arrest for disorderly conduct by using an unreasonable amount of force" (Court File No. 20 at 5), and Plaintiff has not offered any evidence to show otherwise. In addition, even if a constitutional violation occurred, Plaintiff has failed to allege any facts to show that CHA's "Use of Force Continuum" policy led to Plaintiff's injuries. At most, Plaintiff has alleged the officers violated her constitutional rights; nonetheless, CHA "cannot be held liable in section 1983 actions on a *respondeat superior* theory." *Spears*, 589 F.3d at 256.

### B.  State Law Claims

#### 1.  Infliction of Emotional Harm

CHA also argues it is entitled to summary judgment on the grounds of sovereign immunity regarding Plaintiff's infliction of emotional harm claims (Court File No. 20). In her complaint, Plaintiff states Defendants are guilty of intentional infliction of emotional harm and negligent infliction of emotional harm (Court File No. 1-1). Under Tenn. Code Ann. § 29-20-205(2), a governmental entity is immune from suit, however, for the following acts: "false imprisonment . . . . false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil

6

rights." Therefore, to the extent Plaintiff alleges "infliction of mental anguish," CHA is immune.[1]

### 2. Property Damage

Finally, CHA contends it also entitled to summary judgment regarding Plaintiff's claim for property damage. Plaintiff alleges Defendant James Avery crashed into her car that was "legally parked on the street" (Court File No. 1-1 at 4). Nonetheless, Plaintiff admits she is not the owner of the vehicle that was damaged (Court File No. 21-4 at 6). Accordingly, Plaintiff has failed to allege any facts to show that she has standing regarding this cause of action.

## IV. CONCLUSION

For the reasons stated above, the Court will **GRANT** Chattanooga Housing Authority's motion for summary (Court File No. 19). All claims against CHA will be **DISMISSED.**

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] CHA is also immune from suit to the extent Plaintiff alleges civil rights violations on state law grounds.